Briggs *v.* Outwater.

[KINGS GENERAL TERM, December 12, 1859. *Lott, Emott* and *Brown,* Justices.]

———•◦•———

BRIGGS and others *vs.* OUTWATER and others.

By the provisions of the act of the legislature of June 18, 1853, " to provide for the establishment of union free schools," the school districts are preserved in their integrity, as divisions of the common school system of the state, and the officers thereof are still " school officers," and fall within that designation in the act of April 12, 1858, " to change the school year and to amend the statutes in relation to public instruction," which declares that the term of office of " all school district officers" theretofore elected shall expire on the 2d Tuesday of October, 1858.

Accordingly, where, in October, 1853, the inhabitants of a school district not within any incorporated city or village, established a free school therein, under the act of June 18, 1853, and elected the defendants its trustees, or board of education, who were in office on the 2d Tuesday of October, 1858, at which time the plaintiffs were duly elected trustees, under the act of April 12, 1858; *Held,* that so far as those officers were concerned, the act of June, 1853, was superseded and repealed by the provisions of the act of April 12, 1858; and that the plaintiffs were the legal trustees of the district.

---

Briggs *v.* Outwater.

---

*Held also,* that the union free school in question, not being formed from two
or more adjoining school districts, the free school might still be maintained,
and the plaintiffs exercise the powers and authority of its board of education.

CASE submitted for the opinion of the court, under the code
of procedure, upon these facts. On the 15th of October,
1853, school district No. 1, of the town of Hyde Park, Dutch-
ess county, was, by vote and other proceedings mentioned in
the act of the legislature passed June 18, 1853, entitled " An
act to provide for the establishment of union free schools,"
established as an union free school. William B. Outwater,
James Finch and John A. Parker were the trustees of such
district. The district is not within any incorporated city or
village. On the second Tuesday of October, 1858, Stephen
D. Briggs, Daniel Wigg and John A. Degroff were duly cho-
sen trustees of such district, provided the act of the legisla-
ture passed April 12, 1858, entitled " An act to change the
school year, and to amend the statutes in relation to public
instruction" applies to said district ; and the question sub-
mitted to the court was, does said act of 1858 apply to said
district No. 1 of Hyde Park, such district having been estab-
lished as an union school district under said act of 1853 ? and
are the plaintiffs, or the defendants, trustees thereof ?

*H. A. Nelson,* for the plaintiffs.

*I. F. Barnard,* for the defendants.

*By the Court,* BROWN, J. On the 15th of October, 1853,
the inhabitants of school district No. 1, in the town of Hyde
Park, established a free school therein, pursuant to the pro-
visions of the act of June 18, 1853, to provide for the estab-
lishment of union free schools. The district is not within any
incorporated city or village, and the defendants were its trus-
tees, or board of education, at the time of the election of the
plaintiffs to the office of trustees of the district, as hereafter
mentioned. On the second Tuesday of October, 1858, the

plaintiffs, Stephen D. Briggs and his associates, were duly elected trustees, in conformity with the provisions of the act to change the school year, and to amend the statutes in relation to public instruction, passed April 12, 1858. The question submitted for determination is, who are the legal officers of the district, and whether the act of June, 1853, so far as these officers are concerned, is superseded and repealed by the provisions of the act of April 12, 1858. The latter act takes no notice whatever of the former, and deals with the subject precisely as if it did not exist; and whether the last is subversive of the first, in regard to the mode of electing the district officers, or not, I think it will be found difficult, if not impossible, to reconcile the one statute with the other.

The sole purpose of the act of June 18, 1853, is to put it in the power of the inhabitants of a district, or of two or more adjoining districts, to establish free schools therein. The districts are not thereby abrogated or consolidated; but for all other purposes, except the election of separate bodies of officers when two or more unite, and the mode of conducting and maintaining their schools, they still remain school districts, and integral parts of the common school system. This, I think, is apparent by reference to section 1, which authorizes any 15 persons entitled to vote at any meeting of the inhabitants of any school district, to sign a call for a meeting to determine, by the vote of such district, whether a union free school should be established therein. The notice of the meeting is to be given by the trustees, and the expenses are a charge upon the district. To make the proceedings valid, one third of the inhabitants of the district must be present at the meeting, and if the question be determined in the affirmative, they shall proceed to the election of trustees, not less than three nor more than nine in number, who shall be divided into three several classes, to hold office for one, two and three years, and thereupon the office of any existing board of trustees shall cease. The trustees so chosen are to constitute a board of education for the district or districts for which they

are elected. And they are to have the name and style of the board of education of district No.____, in the town of_____. (*See* § 5.) The powers of the board are defined in § 11, and are not materially different from the powers of the school district trustees. By the 8th subdivision, they are to possess all the powers and privileges, and be subject to all the duties, in respect to common schools or the common school departments, in any union free school in the district or districts, which the trustees of common schools possess, or are subject to, not inconsistent with the provisions of the act. These provisions show, I think, that the school districts are preserved in their integrity as divisions of the common school system of the state. And the officers, by whatever name they may be called, are still school officers, and fall within that designation in the act of the 12th April, 1858, to which I shall now more particularly refer.

This act was designed to apply generally to schools and the school system of the state. This appears by its title, which is "An act to change the school year, and to amend the statutes in relation to public instruction." Section one declares that the school year of the state shall commence, thereafter, on the first day of October and end on the 30th day of September. And all provisions of law in respect to the duties of school officers, now in force, shall apply to the year therein designated. Section three directs the annual meeting of the taxable inhabitants and legal voters of the several school districts in the state shall be held on the 2d Tuesday of October in that and each succeeding year. Section four declares that the term of office of all school district officers heretofore elected or appointed, or who may be elected or appointed previous to the 2d Tuesday of October ensuing the passage of the act, shall be deemed to expire on the said 2d Tuesday of October. Section six gives the electors of each district power at the annual district meeting (which is the time designated by the general act for election of trustees) to determine the number of trustees to be chosen, and it also fixes their term of office.

Briggs *v.* Outwater.

The defendants were the trustees or board of education of district No. 1, in the town of Hyde Park, at the commencement of the school year in 1858 ; and they were elected previous to the second Tuesday of October in that year. They were school district officers, and nothing else. That is a general term or expression, embracing all persons exercising public trusts, within and for the school districts of the state. If the boards of education in the several districts were not school officers, what were they ? To what other department of the government shall they be assigned and classed as officers, if not to that of the common schools ? If the act had declared that the office of trustee—school district trustee—should expire on the second Tuesday of October, a distinction might have been made between trustees and members of the board of education. But the term used is school district officers, which must be deemed to embrace both classes, if the two classes exist. Section thirteen declares that all laws and parts of laws inconsistent with the provisions of the act are thereby repealed. So that all the provisions of the act of the 18th June, 1853, which conflict and cannot exist in harmony with the provisions of the act of April 12th, 1858, are repealed and no longer of any force.

The union free school established in district No. 1, in the town of Hyde Park, is not formed from two or more adjoining school districts ; so that the effect of a construction of the act unfavorable to the rights of the defendants does not arise. Under such a determination the free school may still be maintained, and the newly elected trustees exercise the powers and authority of its board of education.

I am of opinion that judgment should be entered for the plaintiffs.

[KINGS GENERAL TERM, December 12, 1859. *Lott, Emott* and *Brown,* Justices.]